## SPRADLIN v. GIBBS.

No. 5896.

Court of Civil Appeals of Texas. Texarkana.

Feb. 12, 1942.

Oscar B. Jones, of Longview, and Lincoln & Harris, of Texarkana, for appellant.

Bean & Culver, of Kilgore, for appellee.

WILLIAMS, Justice.

The jury found that the tourist camp upon which McKinley Gibbs, plaintiff below, sought to foreclose a mechanic's and materialman's lien was the business homestead of defendants E. O. Lee and wife, Irene. In response to special issue No. 4, the jury found "that E. O. Lee and the defendant R. E. Spradlin entered into a conspiracy to defraud the plaintiff of the reasonable cost of materials and labor plaintiff had furnished in repairing and remodeling said tourist camp." To No. 5 the jury found that "the reasonable value of the improvements placed upon the property in controversy by the plaintiff, McKinley Gibbs, was $2,500." Special issue No. 6 reads: "What amount of money, if any, do you find from a preponderance of the evidence, if paid now in cash, will fairly and reasonably compensate the plaintiff for the injury and damages if any, by reason of said conspiracy, if any? Answer in dollars and cents, if any." This was answered, "None." Plaintiff and defendant Spradlin each filed a motion to enter judgment upon above findings. The court granted plaintiff's motion and entered judgment that plaintiff recover of defendants E. O. Lee and R. E. Spradlin, jointly and severally, the sum of $2,500 with interest, and denied a foreclosure of the lien asserted by plaintiff. Defendants Lee have not appealed.

The respective motions were without any plea to enter judgment non obstante veredicto because of insufficiency of the evidence to support any jury finding. The record is without any assignment of error that attacks the sufficiency of any pleading, the submission or phraseology of any issue submitted, or any alleged conflict in jury findings. As we interpret appellant's assignments of error and the points based thereon, he contends that under the pleadings, the nature of the suit and the jury's finding to issue No. 6, he was entitled to judgment that plaintiff take nothing as to him (Spradlin).

In the first count of his petition, plaintiff alleged that at the special instance and request of the Lees, plaintiff had furnished the Lees certain labor and materials of the reasonable value of $2,964.76, in the repair and remodeling of their tourist camp, for which the Lees promised and agreed to pay plaintiff. He pleaded a mechanic's and materialman's lien on the buildings to secure the payment of the debt. It is apparent from the foregoing that plaintiff did not sue Spradlin upon a debt or a contract. In the evidence, plaintiff does not contend that he had a contract with Spradlin or that the latter agreed or promised to pay for such improvements. Hence the judgment entered against Spradlin, if grounded upon the debt would be without support in pleading or evidence.

In the second count, plaintiff pleaded, "that in the event he is mistaken that the property on which he seeks to foreclose his lien does not constitute a homestead, that then by reason of the unlawful acts of defendant Spradlin in persuading the Lees to repudiate their contract and refuse to pay plaintiff the reasonable value of the materials and labor furnished by plaintiff that he has been actually damaged in the sum of $3,000." Plaintiff's prayer is for judgment against defendants, jointly and severally, for $2,964.76 and interest with foreclosure of the asserted lien on the property involved, and in the alternative, "that he recover damages against defendant Spradlin in the sum of $3,000. * * *"

Prior to the time plaintiff began the work, the Lees had made application to the C.I.T. Corporation for a loan with which to make the improvements. The corporation issued a commitment that it would make the Lees a $2,000 loan for the purposes stated. The evidence reflects that this was to be what is called a character loan and not to be based upon any lien as security. While plaintiff was engaged in making the improvements, the C.I.T. Corporation received notice of, or Spradlin notified it, that he, Spradlin, held a $350 unsatisfied valid lien against the property.

It is without controversy that Spradlin owned such lien prior to and at the time of the application to the corporation for the loan. Plaintiff advanced Lee this amount to pay Spradlin, but Lee used the sum to pay other debts. Because of notice of the Spradlin lien or for some other reason the evidence does not show, the corporation revoked its commitment. At the time the commitment was revoked plaintiff had furnished the labor and materials hereinabove mentioned. Plaintiff had proceeded to make the improvements under an oral agreement, without exacting or demanding of the Lees a lien to secure plaintiff in the payment for such work and materials. Upon receiving notice that the loan would not be made, and being without any security, plaintiff proceeded to obtain security for his debt from the Lees. Failing in this effort, plaintiff quit work before the improvements were completed. He then caused to be prepared and filed for record a mechanic's and materialman's lien under the provisions of Article 5452, R.C.S. of 1925 and art. 5453, Vernon's Ann. Civ. St. art. 5453. The labor and materials furnished by plaintiff cover the period from February 28th to March 24th, 1939. On April 10, 1939, the Lees and Spradlin entered into a written contract to make improvements on the camp, and on that date the Lees executed a mechanic's and materialman's lien to secure the payment of the improvements included in the latter contract. Plaintiff and Spradlin were business rivals who were not on friendly terms and who had theretofore sued each other. If above facts and circumstances be deemed sufficient to support the jury's findings to No. 4, which we are not called upon to decide, the same facts were before the jury when they came to consider what damages, if any, resulted by reason of any acts done by defendant Spradlin pursuant to such alleged conspiracy. Plaintiff makes no attack on the sufficiency of the evidence to support the jury's finding to No. 6. Plaintiff alleged that he was damaged by the alleged acts of defendant Spradlin, done pursuant to the alleged conspiracy. He sought recovery of Spradlin only upon such allegations. This was submitted to the jury who answered that plaintiff was not damaged by reason thereof. The jury's finding upon this material and ultimate issue prevents a recovery by plaintiff against defendant Spradlin, grounded upon any conspiracy. 15 C.J.S. Conspiracy, §§ 21, 28, pp. 1031, 1042; 41 T.J. p. 1240; 25 T.J. p. 488 § 106. In view of the conclusions reached, that part of the judgment which awards plaintiff a recovery against E. O. Lee in the sum of $2,500 with interest as therein stated, and which denies a foreclosure of the lien asserted is affirmed; and that part of the judgment which allows plaintiff a recovery against defendant Spradlin is reversed and here rendered that as to Spradlin the plaintiff take nothing.

Affirmed in part and reversed and rendered in part.